PER CURIAM: *
James Collins, the former executive director of the Texas Department of Criminal Justice and Yank Barry, the CEO and President of VitaPro Foods, were indicted on January 15, 1998 for conspiracy, money laundering, and bribery, and misuse of a social security number.[1] They were tried by jury and convicted.[2] The defendants filed a Rule 29(c) motion for a judgment of acquittal. On September 8, 2005, the district court granted a motion acquitting the defendants on all counts and, in the alternative, granting a new trial on the grounds that (1) the government’s key witness offered contradictory and unfounded testimony; (2) the jury was confused by the introduction of extraneous and irrelevant testimony, and (8) no substantially verbatim transcript of the trial exists.[3]
After reviewing the record and considering the parties’ arguments as presented in the briefs and at oral argument, we find that the district court erred in granting the defendants’ motion for a judgment of acquittal. “A motion for judgment of acquittal challenges the sufficiency of the evidence to convict.” United States v. Lucio, 428 F.3d 519, 522 (5th Cir.2005). When considering a Rule 29 motion, we utilize the same standard as the district court, which means we “assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of *58 the crime charged had been proven beyond a reasonable doubt.” Id. We do not “analyze the evidence with an eye toward negating every possible inference of innocence, rather, if the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld.” Id. Our review is conducted de novo, with “no deference [given] to the district court’s ruling.” United States v. Loe, 262 F.3d 427, 432 (5th Cir. 2001), cert. denied, Loe v. United States, 534 U.S. 1134, 122 S.Ct. 1078, 151 L.Ed.2d 979 (2002).
The evidence presented at trial, viewed in the light most favorable to the verdict, was sufficient to permit a rational juror to find Collins and Barry guilty beyond a reasonable doubt. The district court reached its contrary conclusion by choosing to disregard entirely the testimony of the government’s key witness, Patrick Graham. This independent assessment of Graham’s credibility was impermissible under the Rule 29 analysis, which requires us to defer to the jury’s “reasonable construction[ ] of the evidence.” Loe, 262 F.3d at 434. The jury was presented with substantial evidence of Graham’s poor character and was made aware of the contradictions in his testimony, but still the jury found that the Government had proven Collins and Barry guilty beyond a reasonable doubt. No one suggests that the evidence is insufficient, if Graham’s testimony is permitted, and if the jury chose to credit it, which it apparently did. The district court erred in substituting its own judgment for that of the jury to conclude that Graham’s testimony should be disregarded. Cf. Loe, 262 F.3d at 432 (noting that under the sufficiency standard, the jury “retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses.”). We therefore reverse the judgment of acquittal under Rule 29.
However, our review of the district court’s determination on a motion for new trial is more deferential than on a motion for a judgment of acquittal. United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir.1997). Rule 33 permits the district court to grant a new trial if “necessitated by the interests of justice.” United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005), and we review this determination for abuse of discretion. United States v. Dula, 989 F.2d 772, 778 (5th Cir.1993). Unlike the Rule 29 analysis, when considering a Rule 33 motion, the “trial judge may weigh the evidence and may assess the credibility of the witnesses ...Robertson, 110 F.3d at 1117, but must not “set aside a jury’s verdict because it runs counter to [the] result the district court believed was more appropriate.” Tarango, 396 F.3d at 672. “In our capacity as an appellate court, we must not revisit evidence, reevaluate witness credibility, or attempt to reconcile seemingly contradictory evidence.... Instead, we must simply concern ourselves with whether or not the district court’s ultimate decision in granting or denying the motion for a new trial constituted a clear abuse of its discretion.” Id. (internal citation omitted).[4]
In this particular case, we cannot conclude that the district court’s ultimate decision to grant a new trial constituted an abuse of discretion. The court found that the testimony of the government’s key witness, who provided the only direct evidence of wrongdoing, was unfounded and *59 perjured; that the integrity of the verdict was called further into question by the introduction of irrelevant evidence that had no relationship to the charged misconduct, and that confused the jury; and that no substantially verbatim transcript of the trial exists to support proper appellate review. Although each of these findings might not, standing alone, be sufficient to support a new trial, given the totality of the circumstances of this case, we cannot conclude that the district court’s ruling was an abuse of discretion. We therefore affirm the district court’s alternative ruling granting a new trial.
The judgment of the district court is
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Count one charged Collins and Barry with conspiracy under 18 U.S.C. § 371 to commit theft or bribery of funds in violation of 18 U.S.C. § 666(a)(1)(B) and § 666(a)(2), money laundering in violation of 18 U.S.C. § 1956(A)(1)(B)(1) and misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). Counts 2-5 charged Collins and Barry with the substantive offenses of theft and bribery. Counts 2 and 3 charged Collins with accepting and agreeing to accept payments from VitaPro Foods, Inc. in violation of 18 U.S.C. § 666(a)(1)(B). Counts 4 and 5 charged Barry with giving, offering, and agreeing to give payments to Collins in violation of § 666(a)(2). Counts 6 and 7 charged both defendants with aiding and abetting money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B) and § 2. Count 8 charged both defendants with misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). On August 19, 2001, after the government rested its case, the district court dismissed Count 8 on defendants’ motion for acquittal.

. On August 20, 2001, the jury found Collins guilty of Counts 1, 2-3, and 6-7. The jury found Barry guilty of Counts 1, 4-5, and 6-7.

. Pursuant to Rule 29(d)(1), in the event that the district court "enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed.” Fed.R.Crim.P. 29(d)(1).

. "This rule is sensible: The jury in the first instance, and the district court on rule 33 review, were in superior positions to evaluate the credibility of the witnesses, because they were able to observe their demeanors.” U.S. v. Arnold, 416 F.3d 349, 360 n. 19 (5th Cir. 2005).